FILED
JAN 17 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. Ricardo LOPEZ-Nava , Defendant. | ) ) ) ) ) ) ) ) ) ) | Magistrate Case No. 08MJ8014<br><br>FINDINGS OF FACT AND ORDER OF DETENTION |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on January 11, 2008, to determine whether defendant Ricardo LOPEZ-Nava should be held in custody pending trial on the grounds that he is a flight risk. Assistant U. S. Attorney John F. Weis appeared on behalf of the United States. Diane Regan of Federal Defenders of San Diego, Inc. appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Officer, and the criminal complaint issued against the Defendant on January 11, 2008, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///

///

///

///

I

FINDINGS OF FACT

A. Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

1. The Defendant is charged in Criminal Complaint No. 08MJ8014 with possession with intent to distribute 0.491 kilograms (1.08 pounds) of methamphetamine, in violation of Title 21 U.S.C. § 841(a)(1). Therefore, there exists probable cause to believe the Defendant committed the charged offense.

2. The charged offense is an offense for which a minimum mandatory 5-year sentence and a maximum forty (40) years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801 et seq.). See 21 U.S.C. § 841(b)(1)(B)(vii). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

3. According to the United States Sentencing Guidelines, the Base Offense level is 30, See USSG § 2D1.1(5). Even assuming the Defendant's criminal history score places him in Criminal History Category I, see USSG § 4A1.1., the sentencing range for the Defendant is 97-121 months in prison.

B. Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):

1. On January 10, 2008, Defendant was the sole occupant driver of a vehicle as he entered the primary inspection area of the U. S. Border Patrol Highway 86 Checkpoint. Defendant and the vehicle were referred to the vehicle secondary inspection area. A Narcotic Detector Dog alerted to the vehicle. Defendant was asked to exit the vehicle and U.S. Border Patrol Agent Diaz performed a pat down on Defendant which revealed two 10.5 inch cylinder shaped packages taped near Defendant's crotch area. A NIK Test Kit performed by Agent Diaz determined the substance to be 0.491 kilograms (1.08 pounds) of methamphetamine. Defendant stated to Drug Enforcement Administration Agents that "HMA" handed him a plastic bag sent to Defendant from "WYCHO" and Defendant was to transport it to Indio, California. Defendant stated he did not know what kind of substance was inside the packages, but he knew it was something bad and placed them in his crotch area.

C. History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3):

1. The Defendant is a citizen of Mexico.

2. The Defendant resides in Mexicali, Baja California, Mexico.

3. The Defendant's wife and children reside in Mexicali.

4. The Defendant has no legal right to remain or work in the United States, as he only possesses a Border Crossing Card.

C. Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)

1. Other than that the charged crime is a drug trafficking offense, there is nothing to suggest that release of the Defendant would pose a danger to any person or the community. The Defendant has the following criminal history:

II

## REASONS FOR DETENTION

A. There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint No. 08MJ8014, namely, the possession with intent to distribute a controlled substance 0.491 kilograms (1.08 pounds) of methamphetamine of methamphetamine into the United States in violation of 21 U.S.C. § 841(a)(1).

B. The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. He therefore has a strong motive to flee.

C. The Defendant has not rebutted the presumption, based upon the Court's findings that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

D. The Defendant has no legal right to remain in the United States and lacks family ties to the United States. Defendant has strong family ties to Mexico. Therefore, Defendant would have a strong motive to flee.

///

///

III

ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 1-17-08.

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney

JOHN F. WEIS
Assistant U. S. Attorney

cc: Diane Regan of
Federal Defenders of San Diego, Inc.